IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREGORY K. COOK,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL WILLIAM BARR; UNITED STATES MARSHAL SERVICE; BUREAU OF PRISONS/ FDC HONOLULU; UNITED STATES OF AMERICA,<br><br>Respondents. | CIVIL NO. 20-00504 JAO-KJM<br><br>ORDER DISMISSING PETITION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT COUNSEL |

**ORDER DISMISSING PETITION AND
DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND
MOTION TO APPOINT COUNSEL**

Petitioner Gregory K. Cook ("Petitioner"), proceeding pro se, is a pretrial detainee at the Federal Detention Center in Honolulu, Hawai'i.  ECF No. 1 at 1–2.  He filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243, alleging that he is being unlawfully held based on collateral estoppel and/or double jeopardy.  *Id.* at 6–7.  Petitioner claims to be the beneficiary of a purported contract granting him unconditional immunity that was upheld by an arbitrator and has been reduced to judgment.  *Id.* at 8.  He asks the Court to enforce the "contract" and order his immediate release, expunge his criminal records, and

return all property. *Id.* For the following reasons, the Court DISMISSES the Petition.

## BACKGROUND

Petitioner is a defendant in a criminal case pending before this Court, *United States v. Cook*, CR. No. 19-00170 JAO, and is charged with: two counts of possessing 5 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possessing a mixture of substance containing a detectable amount of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner, through counsel, filed multiple unsuccessful motions related to his detention—including an appeal of the magistrate judge's denial of his motion to reopen/reconsider order of detention—but none related to the legitimacy of the charges against him.

## DISCUSSION

When a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers on this Court a general grant of habeas jurisdiction. 28 U.S.C. § 2241(c)(3); *see id.* § 2241(a). District courts have jurisdiction over habeas petitions brought by pretrial detainees. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (citation

2

omitted).  When considering an application for a writ of habeas corpus, a district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which is also applicable to § 2241 cases,[1] requires courts to conduct a preliminary review of each petition for writ of habeas corpus.  *See* Habeas Rule 4.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the district court must summarily dismiss the petition.  *Id.*; *see Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017).  The district court should not dismiss a habeas petition "without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) (citations omitted).

Here, Petitioner's grounds for relief are frivolous.  It is unclear how Petitioner honestly believes the documents attached to his Petition confer him with immunity from all criminal or civil liability.  And assuming his allegations have some legal basis, they are arguments that must be made in his pending criminal

---

[1] *See* Habeas Rule 1(b).

case.[2]  *See Reese v. Warden Phila. FDC*, 904 F.3d 244, 247 (3d Cir. 2018)

("[I]nsofar as [petitioner] sought to challenge the charges against him . . . he was

required to do so through pretrial motions in his criminal case, not via a pretrial §

2241 petition." (citation omitted)).  The Court has authorized four trial

continuances and Petitioner, with the benefit of counsel, has had ample

opportunity—and has further opportunities—to raise any pertinent issues and

defenses in his criminal proceeding.

"It is well settled that in the absence of exceptional circumstances in

criminal cases the regular judicial procedure should be followed and habeas corpus

should not be granted in advance of a trial."  *Jones v. Perkins*, 245 U.S. 390, 391–

92 (1918) (citations omitted); *see Riggins v. United States*, 199 U.S. 547, 551

(1905); *see also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("If a

---

[2]  Even if Petitioner only challenges his detention pending trial, he must raise any such argument in a pretrial motion in his criminal proceedings, not via a § 2241 petition.  *See*, *e.g.*, *Reese*, 904 F.3d at 245 ("[A] federal detainee's request for release pending trial can only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief." (citations omitted)); *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020) (per curiam) ("A federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a § 2241 petition." (citations omitted)); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) ("[T]he terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals . . . should ordinarily provide strong incentive for defendants to employ Section 3145 appeals."); *Jenkins v. Noonan*, No. 20-cv-00921-H-LL, 2020 WL 2745234, at *2 (S.D. Cal. May 27, 2020) (concluding that federal pretrial detainee could not challenge pretrial detention via a § 2241 habeas petition).

federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.").

Petitioner does not present any exceptional circumstances warranting a departure from this principle.  As such, he should exhaust judicial remedies in his criminal case before attempting to pursue relief under § 2241.  *See Medina*, 875 F.3d at 1029 (concluding that a federal prisoner awaiting trial "is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief" (citation omitted)).

Based on the foregoing, Petitioner's claims are not cognizable, he has not exhausted judicial remedies, and it does not appear he can plead a viable claim for habeas relief.  Accordingly, the Petition is DISMISSED without leave to amend.

<u>CONCLUSION</u>

For the reasons stated herein, the Court DISMISSES the Petition.  ECF No. 1.  In light of the dismissal of the Petition, Petitioner's Application to Proceed In Forma Pauperis and Motion to Appoint Counsel are DENIED as moot.  ECF Nos. 3, 4.

//

//

//

5

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, December 2, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00504 JAO-KJM; *Cook v. Barr, et al.*; ORDER DISMISSING PETITION AND
DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT
COUNSEL